Filing # [redacted] E-Filed 07/10/2026 12:51:27 PM

**IN THE COUNTY COURT OF THE 7TH JUDICIAL CIRCUIT**
**IN AND FOR VOLUSIA COUNTY, FLORIDA**

**Case No.**

**LISA DISSINGER,**

Plaintiff,

v.

**INNOVIS DATA SOLUTIONS INC,**

Defendant.
_______________________________________/

## COMPLAINT

Plaintiff Lisa Dissinger ("Plaintiff") sues Innovis Data Solutions Inc ("Defendant" or "Innovis") for violations of the Fair Credit Reporting Act ("FCRA").

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over Plaintiff and Defendant (collectively, the "Parties"), because the cause of action arises within the jurisdiction of this Court and, thus, venue and jurisdiction are proper.

2. This Court has personal jurisdiction over Defendant because Defendant is operating, present, and/or doing business within this jurisdiction and because the complained of conduct of Defendant occurred within Volusia County, Florida.

3. This Court has subject matter jurisdiction pursuant to Fla. Stat. § 34.01(1). The amount in controversy is greater than $15,000.00, but less than $50,000.00, exclusive of costs, interest, and attorneys' fees, and is otherwise within this Court's jurisdiction.

4. Venue of this action is proper in this Court because, pursuant to Fla. Stat. § 47.011, *et seq.*, the cause of action alleged below arose in Volusia County, Florida.



2026 21513 COCI

## PARTIES

5. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Volusia County, Florida.

6. Innovis is a Missouri corporation with its principal place of business located in Columbus, Ohio.

## DEMAND FOR JURY TRIAL

7. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## ALLEGATIONS

8. Innovis is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau."

9. Innovis regularly obtains and analyzes financial information about consumers and compiles the information into "credit reports," which it provides to third parties.

10. Innovis is a "consumer reporting agency" as defined by § 1681a(f) of the FCRA and compiles the information into "credit reports," which it provides to third parties.

11. On or about March 23, 2026, Plaintiff requested a complete disclosure of Plaintiff's file from Innovis.

12. Plaintiff sought a complete disclosure of Plaintiff's file from Innovis in anticipation of seeking new unsecured lines of credit, refinancing secured loans, and seeking better insurance rates.

13. On or about March 23, 2026, Innovis provided an incomplete disclosure of Plaintiff's file.

14. The incomplete disclosure provided by Innovis on or about March 23, 2026 omitted full account numbers, positive payment histories, dates, status, and the identity of prior and current

creditors, even though the omitted information was provided to Innovis by the furnisher of each account.

15. The information omitted from the disclosure provided by Innovis on or about March 23, 2026 was contained within Innovis's file regarding Plaintiff at the time of the request.

16. Plaintiff's credit report contains false, incomplete, and inaccurate information, of which includes, but is not limited to, the Santander Bank account (collectively, the "Subject Information").

17. Innovis's reporting of the Subject Information lacked essential identifying and contextual information, including, *inter alia,* the true date the account was opened, the date it was closed, the account number, payment history, and other details necessary to accuracy and completeness, the absence of which weighed negatively on Plaintiff's creditworthiness and prevented Plaintiff from fully accessing the legitimacy of the Subject Information.

18. The incomplete reporting of the Subject Information materially hindered Plaintiff's ability to determine whether the alleged associated debts were valid, collectible, time-barred, or otherwise enforceable.

19. The Subject Information is inaccurate and incomplete.

20. The Subject Information is false, inaccurate, and incomplete because, among other things, (a) the histories, statuses, amounts, and dates reported are wrong; (b) payments made by Plaintiff are missing and unaccounted; (c) the manner in which each account is reported wrongfully cause Plaintiff to appear more delinquent than accurate; and (d) the timing, validity, degree, and basis of delinquency are wrong.

21. On or about April 06, 2026, Plaintiff notified Innovis in writing that the Subject Information was false, inaccurate, and incomplete (the "Dispute").

22. As part of the Dispute, Plaintiff requested a copy of Plaintiff's credit report from Innovis.

23. As part of the Dispute, Plaintiff included a copy of Plaintiff's driver's license, full social security number, and a piece of mail.

24. By and through the Dispute, Plaintiff provided Innovis with proper identification and sufficiently requested a copy of Plaintiff's credit report.

25. Innovis received the Dispute and transmitted it to each entity that furnished information disputed by Plaintiff.

26. Despite receiving the Dispute, Innovis failed to conduct any investigation into the accuracy of Plaintiff's credit report.

27. Despite receiving the Dispute, Innovis continued to report incomplete and inaccurate information disputed by Plaintiff.

28. Despite receiving the Dispute, Innovis continued to report the Subject Information inaccurately.

29. Despite receiving the Dispute, Innovis failed to provide Plaintiff with a copy of Plaintiff's credit report.

30. Despite receiving the Dispute, Innovis failed to notify Plaintiff that it deemed the Dispute irrelevant and/or frivolous.

31. The incomplete and inaccurate reporting of the Subject Information prevented Plaintiff from demonstrating positive account history, such as payment history and dates of activity, that weigh in favor of Plaintiff's creditworthiness.

32. The incomplete and inaccurate reporting of the Subject Information caused Plaintiff to be evaluated less favorably by prospective creditors and materially diminished Plaintiff's creditworthiness.

33. As a result of Innovis's failure to take appropriate action in response to the Dispute, Plaintiff forwent opportunities which weighed on Plaintiff's creditworthiness, such as obtaining an insurance quote, because Innovis continued to report the Subject Information in an incomplete and inaccurate fashion.

34. As a result of Innovis's failure to take appropriate action in response to the Dispute, Plaintiff was required to expend additional time preparing and sending another written dispute to Innovis.

35. Innovis failed to conduct a reasonable investigation into Plaintiff's disputes.

36. Innovis failed to review and consider all relevant information submitted by Plaintiff.

37. Without any explanation or reason, Innovis continues to report this false, inaccurate, or otherwise incomplete information about Plaintiff.

38. Plaintiff has suffered damages as a result of the incorrect reporting and Innovis's failure to correct the credit report pertaining to Plaintiff.

39. Continuing to report Plaintiff's information inaccurately is significant. By continuing to report Plaintiff's information inaccurately, lenders believe Plaintiff has had a recent, major delinquency, of which negatively reflects on a consumer's credit worthiness by impacting their credit score negatively.

40. Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

41. Innovis possessed evidence that the information was inaccurate and otherwise incomplete as described by Plaintiff; however, Innovis failed to correct the information.

42. Innovis's reporting of inaccurate information, despite evidence that said information is inaccurate, evidences Innovis's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

**COUNT 1**
**WILFUL AND, IN THE ALTERNATIVE, NEGLIGENT**
**VIOLATION OF 15 U.S.C. § 1681e(b)**

43. Plaintiff incorporates by reference ¶¶ 8-42 of this Complaint.

44. On at least one occasion within the past two years, by example only and without limitation, Innovis violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

45. Innovis failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when reinvestigating Plaintiff's disputes of the information contained in Plaintiff's credit report.

46. Innovis further violated 15 U.S.C. § 1681e(b) by continuing to report inaccurate, false, or incomplete information about Plaintiff, including the Subject Information, despite possessing evidence that such information was inaccurate.

47. Innovis further violated 15 U.S.C. § 1681e(b) by failing to note in Plaintiff's credit report that Plaintiff disputed the accuracy of the Subject Information.

48. Innovis's procedures were *per se* deficient by reason of these failures in ensuring maximum possible accuracy of Plaintiff's credit reports and credit files.

49. Innovis willfully and/or recklessly failed to comply with 15 U.S.C. §1681e(b) by: [a] failing to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] failing to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] failing to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] failing to promptly and adequately investigate information which Innovis had notice was inaccurate; [e] continually placing inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] failing to note in the credit report that Plaintiff disputed the accuracy of the information; [g] failing to promptly delete information that was found to be inaccurate, or could not be verified; and [h] failing to take adequate steps to verify information Innovis had reason to believe was inaccurate before including it in the credit report of the consumer.

50. In the alternative, Innovis negligently failed to comply with 15 U.S.C. § 1681e(b) by failing to exercise reasonable care in the above-described actions, including failing to establish or follow reasonable procedures to assure maximum possible accuracy and failing to correct or delete inaccurate information after receiving Plaintiff's disputes.

51. The appearance of inaccurate information, as well as omission of material information, on Plaintiff's credit report, namely, the information identified by Plaintiff in Plaintiff's disputes to Innovis, was the direct and proximate result of Innovis's willful and/or reckless, or alternatively negligent, failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

52. The conduct, action, and inaction of Innovis was willful, rendering Innovis liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

53. In the alternative, the conduct, action, and inaction of Innovis was negligent, rendering Innovis liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

54. Plaintiff is entitled to recover reasonable attorney's fees and costs from Innovis in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

55. As a result of the conduct, action, and inaction of Innovis, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

56. WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Innovis, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1) or § 1681n(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] punitive damages, after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, pursuant to 15 U.S.C. §1681n(a)(2); [4] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2); and [5] any other relief that this Court deems appropriate under the circumstances.

## COUNT 2
## WILFUL AND, IN THE ALTERNATIVE, NEGLIGENT VIOLATION OF 15 U.S.C. § 1681i

57. Plaintiff incorporates by reference ¶¶ 8-42 of this Complaint.

58. On at least one occasion within the past two years, by example only and without limitation, Innovis violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

59. On at least one occasion within the past two years, by example only and without limitation, Innovis violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by the Plaintiff with respect to the disputed information.

60. On at least one occasion within the past two years, by example only and without limitation, Innovis violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

61. On at least one occasion within the past two years, by example only and without limitation, Innovis violated 15 U.S.C. § 1681i(c) by failing to report information identified by Plaintiff as "disputed."

62. Innovis further violated 15 U.S.C. § 1681i by failing to promptly delete information that was found to be inaccurate or could not be verified.

63. Innovis further violated 15 U.S.C. § 1681i by failing to take adequate steps to verify information Innovis had reason to believe was inaccurate before including it in Plaintiff's credit report.

64. Innovis willfully and/or recklessly failed to comply with 15 U.S.C. § 1681i by: [a] failing to conduct a reasonable reinvestigation of disputed information; [b] failing to review and consider all relevant information submitted by Plaintiff; [c] failing to delete inaccurate or unverifiable information; [d] failing to note in the credit report that Plaintiff disputed the accuracy of the information; [e] failing to promptly and adequately investigate information which Innovis had notice was inaccurate; [f] continually placing inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [g] failing to promptly

delete information that was found to be inaccurate or could not be verified; [h] failing to take adequate steps to verify information Innovis had reason to believe was inaccurate; [i] failing to record Plaintiff's dispute statement in Plaintiff's credit file; [j] failing to include Plaintiff's dispute statement with, or alongside, the information disputed by Plaintiff.

65. In the alternative, Innovis negligently failed to comply with 15 U.S.C. § 1681i by failing to exercise reasonable care in the above-described actions, including failing to conduct a reasonable reinvestigation, failing to review relevant information, failing to record information identified by Plaintiff as disputed, failing to properly include Plaintiff's dispute statement in Plaintiff's credit report, and failing to delete or correct inaccurate information after receiving Plaintiff's disputes.

66. The conduct, action, and inaction of Innovis was willful, rendering Innovis liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

67. In the alternative, the conduct, action, and inaction of Innovis was negligent, rendering Innovis liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

68. Plaintiff is entitled to recover reasonable attorney's fees and costs from Innovis in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

69. As a result of the conduct, action, and inaction of Innovis, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

70. WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Innovis, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C.

§ 1681o(a)(1) or § 1681n(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] punitive damages, after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, pursuant to 15 U.S.C. §1681n(a)(2); [4] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2); and [5] any other relief that this Court deems appropriate under the circumstances.

**COUNT 3**
**WILFUL AND, IN THE ALTERNATIVE, NEGLIGENT**
**VIOLATION OF 15 U.S.C. § 1681g(a)**

71. Plaintiff incorporates by reference ¶¶ 8-42 of this Complaint.

72. On at least one occasion within the past two years, by example only and without limitation, Innovis violated 15 U.S.C. § 1681g(a) by failing to provide Plaintiff with a copy of Plaintiff's credit report, despite Plaintiff's written request with proper identification, of which included a copy of Plaintiff's driver's license, full social security number, and a piece of mail.

73. Innovis willfully and/or recklessly failed to comply with 15 U.S.C. § 1681g(a) by refusing to provide Plaintiff's credit report, despite receiving sufficient identification and requests.

74. In the alternative, Innovis negligently failed to comply with 15 U.S.C. § 1681g(a) by failing to exercise reasonable care in processing Plaintiff's request for a credit report and failing to provide the report as required.

75. The conduct, action, and inaction of Innovis was willful, rendering Innovis liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

76. In the alternative, the conduct, action, and inaction of Innovis was negligent, rendering Innovis liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

77. Plaintiff is entitled to recover reasonable attorney's fees and costs from Innovis in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

78. As a result of the conduct, action, and inaction of Innovis, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial, as well as the expenditure of time and postage costs in making repeated requests for the credit report.

79. WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Innovis, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1) or § 1681n(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] punitive damages, after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, pursuant to 15 U.S.C. §1681n(a)(2); [4] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2); and [5] any other relief that this Court deems appropriate under the circumstances.

## COUNT 4
## WILFUL AND, IN THE ALTERNATIVE, NEGLIGENT
## VIOLATION OF 15 U.S.C. § 1681g(a)

80. Plaintiff incorporates by reference ¶¶ 8-42 of this Complaint.

81. On at least one occasion within the past two years, by example only and without limitation, Innovis violated 15 U.S.C. § 1681g(a)(1) by failing to clearly and accurately disclose to Plaintiff all of the information in Innovis's file at the time of Plaintiff's request.

82. When Innovis produces and sells reports regarding Plaintiff to third parties, the full account numbers of the tradelines, payment dates, origination dates, payment histories, and remarks and/or status are included in its reports, demonstrating its ability to comply with the duty of full disclosure imposed by 15 U.S.C. § 1681g(a)(1).

83. Complete account numbers, payment histories, payments, dates, and any recorded remarks and/or statuses are necessary for a consumer to research and evaluate the information contained therein.

84. Innovis owed a duty to Plaintiff, as obligated by 15 U.S.C. § 1681g(a)(1), to disclose all the information in Plaintiff's file at the time of Plaintiff's request, of which includes full and complete account numbers, payment histories, payment amounts, origination dates, payment dates, and any disclosed remarks and/or statuses.

85. Innovis's willful, or alternatively negligent, failure to disclose all the information in Plaintiff's file thwarted Plaintiff's ability to properly scrutinize and evaluate the information contained in Plaintiff's credit report.

86. Due to widespread systemic failures, Innovis's automated system omits complete account numbers, payment histories, origination dates, payment amounts, and remarks and/or statuses reported by data furnishers. Innovis is aware of such widespread systemic failures, the resulting breach of duty, and the negative consequences it has on the consumer, yet continues the unlawful practice.

87. Despite the fact that the full account numbers, payment histories, origination dates, payment amounts, and remarks and/or statuses were disclosed to Innovis by the underlying furnisher and were otherwise part of Plaintiff's file at the time of Plaintiff's request on March 23, 2026, and April 06, 2026, Innovis failed to disclose such information to Plaintiff.

88. Having a duty to disclose all of the information regarding the accounts in the Plaintiff's file, Innovis breached its duty by failing to provide the full account numbers, payment histories, origination dates, payment amounts, and remarks and/or statuses, as such information is necessary for a consumer to be able to research and evaluate the information contained therein.

89. Innovis willfully and/or recklessly failed to comply with 15 U.S.C. § 1681g(a) by refusing to provide Plaintiff's complete disclosure of credit report, despite receiving sufficient identification and requests.

90. In the alternative, Innovis negligently failed to comply with 15 U.S.C. § 1681g(a) by failing to exercise reasonable care in processing Plaintiff's requests for a credit report and failing to provide the report as required.

91. The conduct, action, and inaction of Innovis was willful, rendering Innovis liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

92. In the alternative, the conduct, action, and inaction of Innovis was negligent, rendering Innovis liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

93. Plaintiff is entitled to recover reasonable attorney's fees and costs from Innovis in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

94. As a result of the conduct, action, and inaction of Innovis, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

95. WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Innovis, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1) or § 1681n(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] punitive damages, after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, pursuant to 15 U.S.C. §1681n(a)(2);

[4] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2); and [5] any other relief that this Court deems appropriate under the circumstances.

DATED: July 10, 2026

Respectfully Submitted,

/s/ Thomas Patti

**THOMAS PATTI, ESQ.**
Florida Bar No. 118377
E-mail: Tom@pzlg.legal
**VICTOR ZABALETA, ESQ.**
Florida Bar No. 118517
E-mail: Victor@pzlg.legal
PATTI ZABALETA LAW GROUP
110 SE 6th Street, 17th Floor
Fort Lauderdale, Florida 33301
Phone: 561-542-8550

*COUNSEL FOR PLAINTIFF*